IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § § | |
| Plaintiff, | | |
| v. | § § § § § § § | Cause No. 25 CR 116 DHU |
| RODERICK NORSEWEATHER, JR.,et al., | | |
| Defendants. | | |

## UNOPPOSED MOTION FOR CONTINUANCE OF TRIAL AND EXTENSIONOF PRETRIAL MOTIONS DEADLINE

RODERICK NORSEWEATHER, JR., Defendant, by and through his undersigned appointed counsel, Marc H. Robert, moves this Court for a continuance of the trial setting of August 4, 2025 and related deadlines; extension of the deadline for the filing of pretrial motions to June 27, 2025; and in support of the motion would respectfully show the Court as follows:

1. Mr. Norseweather is charged by indictment with trafficking a minor in interstate commerce for the purpose of engaging in commercial sexual conduct, in violation of 18 U.S.C. §§ 1591(a) and 1591(b) (two counts), and transporting a minor in interstate commerce for the purpose of engaging in commercial sexual conduct, in violation of 18 U.S.C. §§ 2423(a) and 2423(f) (two

counts). [Doc. 13].  He was arrested on January 13, 2025 and made his initial appearance on the same date [Doc. 3].  Counsel was appointed for Mr. Norseweather at that time [Doc. 4].

2.     Previously appointed counsel was granted leave to withdraw from Mr. Norseweather's representation on June 4, 2025 [Doc. 29].  The undersigned counsel was appointed to assume the representation on June 5, 2025 [Doc. 30].

3.     Trial in this case is set for August 4, 2025 with a call of the calendar set for July 24, 2025 [Doc. 24].

4.     The undersigned counsel has arranged to meet with Mr. Norseweather at the facility at which he is being held.  Counsel is also arranging to obtain discovery materials from prior counsel and from the government.  Counsel will seek the Court's approval for paralegal and investigative services to assist with counsel's representation of Mr. Norseweather.  These processes are ongoing.  However, given the nature of the case and the relatively short time from counsel's substitution as appointed counsel, it is anticipated that additional time will be needed before counsel can, in the exercise of reasonable diligence, be prepared for trial.

5.      As Mr. Norseweather's defense team reviews the discovery, investigation will also be done to prepare for trial.  That process has also begun, but is not expected to be concluded in time to prepare for an August 4 trial.

6.      The deadline for the filing of pretrial motions in this case was set by the Court and has passed.  Counsel requests time to review the case, the discovery and to consult with Mr. Norseweather in order to determine whether pretrial motions practice will be needed.  Counsel asks that a deadline of June 27, 2025 be set as the deadline for the filing of pretrial motions.

7.      The undersigned counsel will be out of the District for a family gathering from June 27, 2025 through July 11, 2025.  Additionally, counsel is set for a sentencing before Judge Browning in Las Cruces on August 1, 2025.  Further, counsel is set for trial before Judge Browning on August 11, 2025.  These scheduling conflicts will make it nearly impossible for counsel to effectively prepare for and conduct trial in this matter on August 4.  Proceeding to trial as presently scheduled would jeopardize Mr. Norseweather's rights to due process and effective assistance of counsel.

8.      Mr. Norseweather requests a continuance of the trial in this case in order to ensure that he has adequate time to review and process the anticipated

new discovery, ensure that Mr. Norseweather is fully apprised of the circumstances and substance of the allegations against him and to ensure that Mr. Norseweather's rights to due process and effective assistance of counsel are not jeopardized.

9. The right to the effective assistance of counsel includes adequate time to prepare for trial. Without that adequate time to prepare for trial, Defendant will be denied his right to the effective assistance of counsel. As the Eleventh Circuit has recognized,

> Implicit in this right to counsel is the notion of adequate time for counsel to prepare the defense: "Disposition of a request for continuance . . . is made in the discretion of the trial judge, the exercise of which will ordinarily not be reviewed. But the denial of opportunity for appointed counsel to consult with the accused and to prepare his defense, could convert the appointment of counsel into a sham and nothing more than a formal compliance with the Constitution's requirement that an accused be given the assistance of counsel. The Constitution's guarantee of assistance of counsel cannot be satisfied by mere formal appointment.

*United States v. Verderame*, 51 F.3d 249, 252 (11th Cir. 1995) (quoting *Avery v. Alabama*, 308 U.S. 444, 446, 60 S.Ct. 321, 322 (1940).

10. Effective assistance of counsel requires the evaluation and discussion of plea possibilities. *Missouri v. Frye*, 566 U.S. 134 (2012). The parties have been

engaged in settlement discussions. It is anticipated that the promised discovery could impact those discussions. Counsel needs time to review and process the new information and to discuss that information with Mr. Norseweather, and the impact of any such information on the trial and the settlement discussions.

11. Given the (at least theoretical) possibility of a negotiated settlement of this cause, a continuance aimed at avoiding an unnecessary trial and conserving judicial resources serves the purposes of the Speedy Trial Act. *See Connolly v. United States*, 2013 WL 530869 (D. N.J. Feb. 11, 2013 (unpublished) (waste of prosecutorial and judicial resources and delay in the trial of other cases is contrary to the objectives underlying the Speedy Trial Act of 1974, 18 U.S.C. § 3161 *et seq*.); *United States v. Stanton*, 94 F.3d 643, 1996 WL 465841 (4th Cir. 1996) (unpublished) ("it is also clear that the obvious reason the district court granted the motion was to conserve judicial resources by avoiding potential piecemeal litigation, and this justified an ends of justice finding under § 3161"); *United States v. Stradford*, 394 F.App'x 923, 927, 2010 WL 3622995 (3rd Cir. 2010) (unpublished) (affirming the grant of a continuance for several reasons including time to discuss plea negotiations, and the continuance would likely conserve judicial resources).

12. Undersigned counsel affirmatively states that under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), the ends of justice will be served by granting this motion seeking continuance of the trial. *See United States v. Hernandez-Mejia*, 406 Fed. App'x. 330, 338 (10th Cir. 2011) ("The Speedy Trial Act was intended not only to protect the interests of defendant, but was also 'designed with the public interest firmly in mind.'") (quoting *United States v. Toombs*, 574 F.3d 1262, 1273 (10th Cir. 2009)). Additional time will provide the parties with time to navigate schedules in other cases and devote proper time to the preparation for trial of this case. Counsel seeks to ensure that Mr. Norseweather's constitutional rights are not jeopardized by having a trial before having an opportunity to review and understand the discovery, conduct an investigation in preparation for trial, determine the need for the filing and litigation of any pretrial motions based on the new discovery, and otherwise protecting counsel's ability to properly prepare for trial and provide effective assistance of counsel. This motion is not predicated upon the congestion of the Court's docket.

13. Pursuant to 18 U.S.C. § 3161(h)(7)(A), the period of delay resulting from this continuance serves the ends of justice and this continuance outweighs the best interest of the public and the defendant in a resolution of this matter.

14. Mr. Norseweather has approved this request for continuance of the trial. The undersigned counsel has also conferred with counsel for the Government regarding this motion. The Government does not oppose the relief requested in this motion. Counsel has also conferred with counsel for the other defendant charged in the indictment. There is no opposition to the request for trial continuance sought herein.

WHEREFORE, RODERICK NORSEWEATHER JR., Defendant, by and through the undersigned appointed counsel, respectfully moves this Court for an order continuing the trial from its current setting of August 4, 2025 for at least 60 days from that date; extending the deadline for the filing of pretrial motions to June 27, 2025; extending other trial-related deadlines; and providing for such other and further relief to which the Court may find the Mr. Norseweather to be justly entitled.

Respectfully Submitted,

/s/ *Electronically filed on 6/11/25*
MARC H. ROBERT
P.O. Box 25271
Albuquerque, New Mexico 87102
575.571.7435
m505robert@gmail.com

*Counsel for Mr. Norseweather*